**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **WEATHER SHIELD MFG., INC.,** a Wisconsin corporation, | Case No. |
| Plaintiff, | |
| v. | |
| **WEATHERSHIELD RESTORATION INC.,** an Illinois corporation, | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Weather Shield Mfg., Inc. ("Weather Shield" or "Plaintiff"), by and through its attorneys Honigman LLP, for its Complaint against Weathershield Restoration Inc. ("Weathershield Restoration" or "Defendant") hereby states as follows:

## NATURE OF THE CASE

1. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1501, *et seq.*, as well as related state and common law claims, in which Weather Shield is seeking injunctive relief and monetary damages for Defendant's infringement of Weather Shield's valuable trademarks. Specifically, Defendant is willfully infringing Weather Shield's rights in its registered WEATHER SHIELD trademarks by using those trademarks to mislead consumers into believing there exists some affiliation, sponsorship, or connection between Weather Shield and Defendant when there is none, and by deliberately trading off of the extensive goodwill that Weather Shield has developed in its WEATHER SHIELD marks.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this civil action pursuant to 15 U.S.C. § 1121(a) (trademark and false advertising causes of action) and 28 U.S.C. § 1331 (federal question jurisdiction).  This civil action arises pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*.

3.     This Court has personal jurisdiction over Weathershield Restoration because Weathershield Restoration is incorporated in the state of Illinois and transacts business within the state of Illinois, and because a substantial part of the events giving rise to the claim occurred within this judicial district.

4.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)–(d).

## PARTIES

5.     Plaintiff Weather Shield Mfg., Inc. is a Wisconsin domestic corporation and is headquartered at One Weather Shield Plaza, Medford, Wisconsin 54451.

6.     On information and belief, Weathershield Restoration Inc. is an Illinois domestic corporation having a place of business at 11 E. Main St., St. Charles, Illinois 60174.  On information and belief, Weathershield Restoration offers, and sells windows and patio doors. Weathershield Restoration operates the website, www.weathershieldrestoration.com, and offers its products and services for sale through that website, in the State of Illinois, and in this judicial district.

## FACTUAL BACKGROUND

### Weather Shield and its Intellectual Property

7.     Since 1955, Weather Shield has designed and manufactured windows and doors of the highest quality under its WEATHER SHIELD® family of trademarks.

8.     Weather Shield has grown substantially since its founding over 65 years ago and today is one of the leading window and door manufacturers in the United States.  Weather Shield now boasts more than two million square feet of manufacturing space in three different cities and manufactures, markets and sells high quality windows and doors in virtually every style, shape and size under its WEATHER SHIELD marks.

9.     Weather Shield markets and sells its WEATHER SHIELD products throughout the nation.

10.     Over the decades, Weather Shield has spent considerable time, effort, and money advertising and marketing products bearing its well-known WEATHER SHIELD marks.

11.     In addition to its widespread and longstanding use, Weather Shield owns a number of United States Trademark Registrations for its family of WEATHER SHIELD trademarks, including the following:

|  | Mark | Reg. No. | Goods/Services | Reg. Date | First Use in Commerce |
|---|---|---|---|---|---|
| 1 | WEATHER SHIELD MFG, INC. MEDFORD WIS. and Design  | 1166521 | Class 19: Windows and Doors | 8/25/1981 | 1973 |
| 2 | WEATHER SHIELD | 2085821 | Class 19: Non-metal windows and doors | 8/5/1997 | 1973 |
| 3 | WEATHER SHIELD LEGACY SERIES | 2525571 | Class 6: Aluminum clad windows | 1/1/2002 | 8/9/1999 |

| | Mark | Reg. No. | Goods/Services | Reg. Date | First Use in Commerce |
|---|---|---|---|---|---|
| 4 | WEATHER SHIELD LEGACY SERIES and Design  | 2404149 | Class 6: Aluminum clad wood windows | 11/14/2000 | 8/9/1999 |
| 5 | WEATHER SHIELD WINDOWS & DOORS SINCE 1955 and Design  | 2656163 | Class 6: Metal windows and doors<br><br>Class 19: Non-metal windows and doors | 12/3/2002 | 6/13/2001 |
| 6 | WEATHER SHIELD SIGNATURE SERIES | 4385209 | Class 19: Non-metal windows and doors | 8/13/2013 | 11/1/2012 |
| 7 | WEATHER SHIELD ASPIRE SERIES | 4381049 | Class 19: Non-metal windows and doors | 8/6/2013 | 11/1/2012 |
| 8 | WEATHER SHIELD PREMIUM SERIES | 4381121 | Class 19: Non-metal windows and doors | 8/6/2013 | 11/1/2012 |

Copies of the foregoing U.S. Trademark Registrations are set forth in **Exhibit A** hereto and incorporated herein fully by reference.  Hereinafter, Weather Shield's WEATHER SHIELD family of marks, including its common law and registered rights thereto, and as embodied in part in the foregoing registrations, shall be referred to as the "WEATHER SHIELD Marks."

      12.    Over the decades, Weather Shield has sold hundreds of thousands of windows and doors bearing the WEATHER SHIELD Marks, generating many billions of dollars of revenue.

13.     Weather Shield has widely promoted its high quality goods and services in connection with the WEATHER SHIELD Marks.  As a result, the WEATHER SHIELD Marks are very well-recognized trademarks for windows and doors and related goods and services.

14.     Weather Shield's WEATHER SHIELD Marks have come to represent substantial and highly valuable goodwill belonging exclusively to Weather Shield.  The WEATHER SHIELD Marks have become widely and favorably known and identified with Weather Shield by the public throughout the United States, including the State of Illinois.

15.     Weather Shield has been using the WEATHER SHIELD Marks exclusively and continually since at least as early as 1955, long prior to the acts of Weathershield Restoration complained of herein.

16.     Weather Shield has spent considerable time, effort and funds marketing and advertising its WEATHER SHIELD line of products.  Weather Shield also compensates its dealers and distributors for their efforts in advertising and marketing the WEATHER SHIELD line of products.

17.     As a result of Weather Shield's continuous use, extensive sales, advertising, and promotion of the WEATHER SHIELD Marks, the WEATHER SHIELD Marks enjoy widespread recognition and an excellent reputation, and are recognized by the public as emanating exclusively from Weather Shield and representative of Weather Shield's high quality products.

18.     As a result of Weather Shield's efforts and commercial success in advertising, marketing and promoting products under the WEATHER SHIELD Marks, Weather Shield has generated substantial and valuable goodwill in its WEATHER SHIELD Marks, and the WEATHER SHIELD Marks have become intangible assets of substantial commercial value to Weather Shield.

19.    As the owner of the valuable rights in its WEATHER SHIELD Marks, Weather Shield has policed the relevant marketplace and has enforced its WEATHER SHIELD trademarks as necessary.

### Defendant's Acts of Infringement Concerning
### Weather Shield's Intellectual Property

20.    In January 2021, Weather Shield became aware that Defendant Weathershield Restoration is using Weather Shield's registered WEATHER SHIELD Marks in connection with the marketing, offer and sale of windows and doors and related goods and services.

21.    Weathershield Restoration has registered "Weathershield Restoration Inc." as a corporate name with the State of Illinois. A printout from the Illinois Secretary of State website showing the Weathershield Restoration Inc. registration is attached hereto as **Exhibit B** and incorporated herein by reference.

22.    Weathershield Restoration has adopted a logo using Plaintiff's WEATHER SHIELD mark as shown below:



23.    Weathershield Restoration has used the "Weathershield Restoration" name and mark in interstate commerce, including, but not limited to, use of the logo above on its website www.weathershieldrestoration.com.

24.    Weathershield Restoration has adopted and has used the "Weathershield Restoration" name and mark to market, sell and install windows and patio doors.

25.    Weather Shield has not licensed or otherwise authorized Weathershield Restoration to use its longstanding and well-established WEATHER SHIELD Marks in any manner whatsoever.

26.     Upon information and belief, Weathershield Restoration knew of Weather Shield's prior use of the well-known WEATHER SHIELD Marks, was and is well aware of the considerable goodwill and market value of Weather Shield's WEATHER SHIELD Marks, and intentionally chose to use the WEATHER SHIELD Marks to suggest an affiliation between Weathershield Restoration and its goods and services on the one hand and Weather Shield and its goods and services on the other, or to confuse customers about the source of the parties' respective goods and services.

27.     Through its unauthorized and infringing uses of the WEATHER SHIELD Marks, Weathershield Restoration is deliberately and improperly capitalizing upon the goodwill that Weather Shield has built up in its WEATHER SHIELD Marks.

28.     Weathershield Restoration's unauthorized, unlawful and intentional use of the WEATHER SHIELD Marks has caused, and will continue to cause, a likelihood of confusion among consumers and potential consumers as to the source or origin of Weathershield Restoration's products and the sponsorship or endorsement of those goods and services by Weather Shield.

29.     As a direct and proximate result of Weathershield Restoration's unauthorized conduct, Weather Shield Restoration has been and will be damaged by confusion among consumers and potential consumers as to Weathershield Restoration's association or connection with, or endorsement or authorization of, Weather Shield and its products and services, at least in part in ways that cannot be adequately measured or fully remedied by monetary damages.

30.     As a result of Weathershield Restoration's intentional misappropriation of the WEATHER SHIELD Marks, Weathershield Restoration has caused, and will continue to cause,

irreparable injury to Weather Shield and has substantially damaged the value of Weather Shield's WEATHER SHIELD Marks.

31.     Weathershield Restoration has unjustly enriched itself at Weather Shield's expense by advertising and selling products and services in connection with the WEATHER SHIELD Marks in a manner that appropriates and exploits Weather Shield's goodwill and reputation. Among the benefits that Weathershield Restoration has gained from its conduct are increased revenues from the sale of its infringing products and services.

32.     On or about December 16, 2020, Weather Shield's legal counsel contacted Weathershield Restoration via its "Contact Us" webpage and informed Weathershield Restoration that its use of "Weathershield Restoration" infringed the WEATHER SHIELD Marks.  *See* **Exhibit C;** a copy of a November 6, 2020, letter returned as "undeliverable" to legal counsel for Weather Shield which then was submitted via Weathershield Restoration's "Contact Us" webpage on December 16, 2020).

33.     In a telephone call on February 22, 2021, Mr. Christopher Webb, President of Weathershield Restoration, indicated to legal counsel for Weather Shield that Weathershield Restoration refused to discontinue use of the "Weathershield Restoration" name and mark.

34.     To date, Weathershield Restoration has not ceased use of the Weathershield name and mark.

35.     Defendant's "Weathershield Restoration" mark appropriates the term "Weathershield" which is embodied in and the dominant component of Plaintiff's WEATHER SHIELD family of trademarks.

36.     Defendant's use of "Weathershield Restoration" in connection with Defendant's goods and services is in conflict with Weather Shield's use of its longstanding WEATHER SHIELD Marks.

37.     Defendant's use of "Weathershield Restoration" will blur, if not tarnish, the distinctiveness of Plaintiff's WEATHER SHIELD Marks and the identity of the goods and services sold thereunder.

38.     Defendant's use of "Weathershield Restoration" causes a likelihood of confusion, mistake, or deception as to whether Defendant's goods and services originate with or are sponsored, affiliated, or approved by Weather Shield.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

39.     Weather Shield repeats and re-alleges the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40.     Weather Shield is the owner of the registered WEATHER SHIELD Marks, which are valid and subsisting.

41.     By its acts alleged herein, Defendant has infringed, and continues to infringe, Plaintiff's WEATHER SHIELD Marks, in violation of 15 U.S.C. §§ 1114.

42.     Defendant's continuing unauthorized use of the "Weathershield Restoration" mark in connection with windows and patio doors and related goods and services is likely to cause confusion, mistake, and deception among the general consuming public and trade as to whether Defendant's products and services originate from, or are affiliated with, sponsored by, or endorsed by Weather Shield.

43.     Defendant's continuing unauthorized use of the "Weathershield Restoration" mark in connection with windows and patio doors and related goods and services is likely to cause

confusion, mistake, and deception among the general consuming public and trade as to whether Weather Shield's products and services originate from, or are affiliated with, sponsored by, or endorsed by Defendant.

44.     Defendant's unlawful actions have been entirely without consent of Weather Shield, and have caused and are likely to continue to cause severe irreparable damage to Weather Shield.

45.     Defendant has been and is using the "Weathershield Restoration" mark with full knowledge of and/or willful disregard for Weather Shield's rights in the WEATHER SHIELD Marks.

46.     Defendant's conduct is willful, wanton, fraudulent, and malicious, and has been undertaken with an intent to reap the benefit of the goodwill signified by Plaintiff's longstanding and well-known WEATHER SHIELD Marks.

47.     Defendant's actions were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

48.     Defendant's acts have damaged and will continue to damage Weather Shield in that, among other things, Defendant's acts are undermining Weather Shield's mission, harming the goodwill enjoyed by the WEATHER SHIELD Marks, and depriving Weather Shield of the profits to which it is rightfully entitled.

49.     Weather Shield will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.  Weather Shield has no adequate remedy at law.

50.     As a direct and proximate result of Defendant's conduct, Weather Shield has suffered damages to the valuable WEATHER SHIELD Marks, and other damages in an amount to be proved at trial.

## COUNT II
## TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

51.     Weather Shield repeats and re-alleges the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52.     Defendant has knowingly used and continues to use in commerce the "Weathershield Restoration" name and mark, or colorable imitations thereof, in connection with the products and services that Defendant offers, advertises, promotes, and sells.

53.     Defendant's use of the "Weathershield Restoration" name and mark is likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant and Weather Shield and/or Defendant's products and services and Weather Shield's products and services, and is likely to cause such people to believe in error that Defendant's products or services have been authorized, sponsored, approved, endorsed, or licensed by Weather Shield or that Defendant is in some way affiliated with Weather Shield.

54.     Defendant's use of the "Weathershield Restoration" name and mark is likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant and Weather Shield and/or Defendant's products and services and Weather Shield's products and services, and is likely to cause such people to believe in error that Weather Shield's products or services have been authorized, sponsored, approved, endorsed, or licensed by Defendant or that Weather Shield is in some way affiliated with Defendant.

55.     Defendant's actions were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

56. Defendant's acts constitute false and misleading descriptions of fact, false advertising, and false designations of the origin and/or sponsorship of Defendant's services, and constitute trademark infringement in violation of 15 U.S.C. § 1125(a).

57. By reason of the foregoing, Weather Shield is being damaged by Defendant's willful use of the "Weathershield Restoration" mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the designation "Weathershield Restoration" in connection with its goods and services.

58. Weather Shield will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined. Weather Shield has no adequate remedy at law.

59. As a direct and proximate result of Defendant's conduct, Weather Shield has suffered damages to the valuable WEATHER SHIELD Marks, and other damages in an amount to be proved at trial.

## COUNT III
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)
## AND COMMON LAW TRADEMARK DILUTION

60. Weather Shield repeats and re-alleges the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61. The WEATHER SHIELD Marks have become famous and distinctive in the United States through Weather Shield's extensive, continuous and exclusive use of them in connection with Weather Shield's products and services.

62. The WEATHER SHIELD Marks were and are distinctive and famous prior to any use of those marks, or confusingly similar marks, by Defendant.

63.     Despite knowledge of the WEATHER SHIELD Marks, Defendant used and continues to use in commerce the "Weathershield Restoration" mark in connection with the advertisement, promotion, and sale of its goods and services.

64.     Defendant's use as described herein has caused and continues to cause irreparable injury to, and a likelihood of dilution of, the distinctive quality of the WEATHER SHIELD Marks in violation of Weather Shield's rights under 15 U.S.C. §1125(c) and common law. Defendant's wrongful use of Weather Shield's famous WEATHER SHIELD Marks is likely to dilute the distinctive nature of the WEATHER SHIELD Marks.

65.     Defendant used and continues to use in commerce the WEATHER SHIELD Marks and the "Weathershield Restoration" mark with the intent to dilute the WEATHER SHIELD Marks, and with the intent to trade on the reputation and good will of Weather Shield and the WEATHER SHIELD Marks.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

66.     As a direct and proximate result of Defendant's conduct, Weather Shield has suffered irreparable harm to the valuable WEATHER SHIELD Marks, and other damages in an amount to be proved at trial.  Unless Defendant is enjoined, Weather Shield and its famous and valuable WEATHER SHIELD Marks will continue to be irreparably harmed and diluted.

67.     Weather Shield has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's actions are allowed to continue.

### COUNT IV
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 505/1 *et seq.*)

68.     Weather Shield realleges and incorporates by reference the allegations contained in contained in paragraphs 1 through 67 as if fully set forth herein.

69.     Defendant's conduct, as described herein, constitutes unfair methods of

13

competition and unfair and deceptive practices by employing confusing, deceptive, and false designations of origin, source, affiliation, and/or sponsorship in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

70.     Defendant's acts have been willful and deliberate.

71.     Weather Shield has been, and will continue to be, irreparably injured by Defendant's violation of this statute.  Unless Defendant is enjoined, Weather Shield will suffer further irreparable injury for which it has no adequate remedy at law.

**COUNT V**
**COMMON LAW UNFAIR COMPETITION**

72.     Weather Shield realleges and incorporates by reference the allegations contained in the paragraphs 1 through 71 as if fully set forth herein.

73.     Defendant was aware of Weather Shield's prior use of the WEATHER SHIELD Marks, and used the WEATHER SHIELD Marks in disregard of Weather Shield's rights.

74.     Defendant's actions have resulted in the misappropriation of, and trading upon, Weather Shield's valuable goodwill and business reputation at Weather Shield's expense and at no expense to Defendant.  The effect of Defendant's misappropriation of the goodwill symbolized by the WEATHER SHIELD Marks is likely to unjustly enrich Defendant, damage Weather Shield, and confuse and/or deceive the public.

75.     Defendant's actions constitute unfair competition with Weather Shield, which has caused and will continue to cause irreparable injury to Weather Shield's goodwill and reputation unless enjoined.

76.     An award of money damages alone cannot fully compensate Weather Shield for its injuries, and Weather Shield has no adequate remedy at law.

## COUNT VI
## UNJUST ENRICHMENT

77.     Weather Shield realleges and incorporates by reference the allegations contained in the paragraphs 1 through 76 as if fully set forth herein.

78.     By misappropriating Weather Shield's valuable goodwill and reputation through the improper use of the WEATHER SHIELD Marks, Defendant has been unjustly enriched to the material detriment of Weather Shield.

79.     Defendant is realizing profit and will continue to realize a profit from its improper use of the WEATHER SHIELD Marks.

80.     Defendant's actions have directly and proximately caused irreparable harm to Weather Shield and its valuable goodwill and reputation, and will continue to harm Weather Shield unless enjoined.

81.     An award of money damages alone cannot fully compensate Weather Shield for its injuries, and Weather Shield has no adequate remedy at law.

82.     Weather Shield is entitled to compensatory damages in the form of restitution and such other and further relief as the Court deems equitable and just.

### PRAYER FOR RELIEF

WHEREFORE, Weather Shield respectfully requests and prays that the Court:

A.      Enter judgment in Weather Shield's favor and against Defendant on all counts of the Complaint;

B.      Determine that Defendant willfully violated the Lanham Act, that Weather Shield has been damaged by such violations, and that Defendant is liable to Weather Shield for such violations;

C.      Determine that Defendant committed trademark infringement, that Weather Shield has been damaged by such infringement, and that Defendant is liable to Weather Shield for trademark infringement;

15

D.  Determine that Defendant committed trademark dilution, that Weather Shield has been damaged by such dilution, and that Defendant is liable to Weather Shield for trademark dilution;

E.  Determine that this case is "exceptional" within the meaning of 15 U.S.C. § 1117(a);

F.  Under all claims for relief, issue a permanent injunction enjoining Defendant and its officers, employees, agents, successors and assigns, and all those in active concert and participation with Defendant, and each of them who receives notice directly or otherwise of such injunctions:

   1.  from using in any manner the WEATHER SHIELD Marks and variations thereof, or any other name, term, phrase, mark, design, device or symbol which so resembles or is similar to the WEATHER SHIELD Marks so as to be likely to cause confusion, mistake or deception as to source, origin, sponsorship, approval, affiliation or the like;

   2.  from further unlawfully trading upon and misappropriating the goodwill and reputation of Weather Shield and competing unfairly with Weather Shield;

   3.  from inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts; and

   4.  from making any false or misleading descriptions of fact or false or misleading representations of fact in its commercial advertising or promotion about the nature, characteristics, or qualities of its products or related commercial activities.

G.  Order Defendant to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, or other materials in its possession, custody or control, and in the possession, custody or control of those in active concert or participation or otherwise in privity with it, which display or contain the WEATHER SHIELD Marks, or variations thereof, or which constitute and/or bear any other device, representation or statement in violation of the injunction herein requested by Weather Shield, and that Defendant be ordered to deliver up for destruction all means of making the same;

H.  Order Defendant to file with the Court and serve on Weather Shield, within thirty (30) days after service on it of such injunction (or such extended period as the Court may direct), a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

I.  In accordance with 15 U.S.C. § 1118, order Defendant to deliver to Weather Shield, at Defendant's expense, for destruction or other disposition, all products, including, without limitation, all labels, packaging, signs, prints, advertisements, promotional, and other materials, incorporating, bearing, or displaying a trademark confusingly

16

similar to the aforementioned trademarks of Weather Shield's or which otherwise violates 15 U.S.C. § 1114 and 15 U.S.C. § 1125, in the possession, custody, or control of Defendant, as well as any reproduction, counterfeit, copy, or colorable imitation thereof, and all other materials or means of making the same;

J.      Order that Defendant account for and pay over to Weather Shield all gains, profits, and advantages derived from its violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125 and the common law, and also pay to Weather Shield the damages which Weather Shield has sustained by reason of such violations, together with legal interest from the date of accrual thereof;

K.      Because of the willful nature of said violations and pursuant to 15 U.S.C. § 1117(a), order that Defendant be required to pay over to Weather Shield three times the amount of said profits and damages;

L.      Order that Defendant be required to pay Weather Shield's reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

M.      Award interest, including pre-judgment interest on the foregoing sums;

N.      Award Weather Shield an amount of money to undertake corrective advertising; and

O.      Grant Weather Shield any other relief as the Court deems necessary and proper.

Respectfully submitted,

Dated: March 12, 2021

By: /s/ William Berndt

HONIGMAN LLP
William Berndt
Douglas H. Siegel (will apply for admission *pro hac vice*)
Mary A. Hyde
155 N. Wacker Dr.
Suite 3100
Chicago, IL 60606-1734
wberndt@honigman.com
dsiegel@honigman.com
mhyde@honigman.com

*Attorneys for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Weather Shield demands

trial by jury on all issues present in this civil action.

Dated: March 12, 2021

Respectfully submitted,

By: <u>/s/ William Berndt</u>

HONIGMAN LLP
William Berndt
Douglas H. Siegel
Mary A. Hyde
155 N. Wacker Dr.
Suite 3100
Chicago, IL 60606-1734
<u>wberndt@honigman.com</u>
<u>dsiegel@honigman.com</u>
<u>mhyde@honigman.com</u>

*Attorneys for Plaintiff*